

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# USA v. Nieves-Davila

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3371

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Nieves-Davila" (2005). *2005 Decisions*. Paper 1162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3371

UNITED STATES OF AMERICA

v.

RAMON RAFAEL NIEVES-DAVILA,
                                        Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00825)
District Judge:  Honorable John C. Lifland

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed May 18, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Ramon Rafael Nieves-Davila was charged with one count of conspiracy to

distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846.  He pled

guilty on October 22, 2003.  Subsequently, he was sentenced to a term of 120 months'

imprisonment to be followed by five years of supervised release. (See Br. of Appellant at 15.) Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting permission to withdraw because, after a conscientious review of the record, he is unable to find any non-frivolous issues for appeal. Nieves-Davila was given notice of his counsel's intent to withdraw and has not filed a pro se brief.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

Evaluation of an Anders brief requires a two-fold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a pro se brief. Id. at 301. We conclude that counsel's Anders brief is adequate and, in the absence of a pro se brief by the appellant, it will guide our independent review of the record.

I.

Counsel's brief identifies the following issues as potentially non-frivolous: (1) whether Nieves-Davila's guilty plea was improperly influenced by conversations between him and his co-conspirator's counsel; (2) whether the plea hearing satisfied constitutional

2

and procedural requirements; (3) whether the District Court should have granted Nieves-Davila a downward departure based on the conditions of his confinement; (4) whether Nieves-Davila should have received a downward departure based on his "substantial assistance" to the government ; (5) whether the sentencing proceedings satisfied constitutional and procedural requirements and (6) whether the sentence imposed by the District Court was an appropriate application of the Sentencing Guidelines.

Prior to the plea hearing, the District Court held a hearing to determine whether Nieves-Davila's decision to plead guilty was influenced by conversations with his co-conspirator's counsel. Despite finding that his co-conspirator's counsel had acted improperly in meeting with Nieves-Davila without his counsel's knowledge and discussing with him the charges and his intent to plead guilty, the Court was satisfied from Nieves-Davila's testimony that he was aware of his constitutional and procedural rights and that his co-conspirator's counsel had not exerted pressure on him to plead involuntarily.

After reviewing the record, counsel has concluded that the plea hearing fully advised Nieves-Davila of the nature of the charges against him, his legal rights, the mandatory minimum penalty and the maximum possible penalty for the offense, and the consequences of his entering a guilty plea and that his plea was voluntary.

At the sentencing proceeding, the District Court imposed on Nieves-Davila a term of 120 months' imprisonment, followed by a five-year term of supervised release, which

was the sentence requested by defense counsel and the applicable statutory mandatory minimum for the offense (See Br. of Appellant at 25). The Court noted that Nieves-Davila had sent a letter to the Court requesting a downward departure based on the conditions of confinement at Passaic and Hudson County jails. The Court found that Nieves-Davila's period of confinement under the conditions described in his motion was "not sufficient to warrant a downward departure." (See App. 9).

Despite Nieves-Davila's cooperation with the government in providing information about his and others' involvement in the offense, the government elected not to request that he receive a "substantial assistance" downward departure. Whether to request a downward departure for a defendant's "substantial assistance" is a matter of the government's discretion.

Accordingly, counsel has concluded that there are no non-frivolous issues for Nieves-Davila to appeal. The plea and sentencing proceedings satisfied all constitutional and procedural requirements and Nieves-Davila was competent and able to comprehend both proceedings, the government's case against him, and the legal consequences of entering a guilty plea.

II.

We find that counsel for Nieves-Davila has thoroughly considered all plausible bases for appeal, including issues that Nieves-Davila has waived by virtue of his guilty

4

plea.[1] Our independent review of the record reveals no non-frivolous arguments that could possibly support an appeal and we are satisfied that all the requirements of Anders have been met. Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.

---

[1]Nieves-Davila was afforded but declined the opportunity to challenge his sentence under the Supreme Court's recent decision in *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005).